UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24440-COOKE/TORRES

| | |
|---|---|
| NGHIEM TRAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ERBA DIAGNOSTICS, INC., MOHAN GOPALKRISHNAN, ERNESINA SCALA, SANJIV SURI, AND PRAKASH PATEL, | ) ) ) ) |
| Defendants. | ) ) ) ) |

**JOINT SCHEDULING REPORT**

Pursuant to Rules 26(f) and 16(b) of the Federal Rules of Civil Procedure, Rule 16.1(b) of the Local Rules of the United States District Court for the Southern District of Florida and the Court's January 4, 2016 Order Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Order ("Order") [D.E. 6], plaintiff Nghiem Tran ("Plaintiff"), and defendants ERBA Diagnostics, Inc. ("EDI"), Mohan Gopalkrishnan, Ernesina Scala, Sanjiv Suri, and Prakash Patel submit this Joint Scheduling Report. The scheduling conference took place on March 2 and March 9, 2016.

**I.  Notice of Applicability of the Private Securities Litigation Reform Act ("PSLRA") and its Scheduling Implications.**

This is a securities class action subject to the PSLRA. Plaintiff's Complaint was served on EDI, Mr. Gopalkrishnan, and Ms. Scala on February 10, 2016. On March 1, 2016, the Court entered an Order enlarging the time to respond to the Complaint to March 23, 2016. [D.E. 18].

1

On March 21, 2016, Defendants' counsel agreed to accept service on behalf of Mr. Suri and Mr. Patel.

Plaintiff's Complaint alleges that he and others similarly situated suffered economic damages caused by EDI's (along with the other Defendants') misrepresentations or omissions to disclose material facts about EDI's accounting controls and financial results, and that when disclosure was made, EDI's stock price fell. Plaintiff's Complaint quotes from EDI's Form 8-K issued November 20, 2015, to the effect that certain of EDI's published financial statements should no longer be relied upon and that EDI "intends to restate" those financial statements.

Plaintiff Mr. Tran's counsel has advised Defendants' counsel that should Mr. Tran be appointed Lead Plaintiff, he will file an amended complaint. The parties have agreed that it would preserve the parties' and the Court's resources to defer the deadline for Plaintiff to file his amended complaint until after EDI publishes its restated financial statements. EDI has not publicly announced when it will issue those statements. Defendants would move to dismiss the Complaint if it were going to be the operative pleading, and because of the PSLRA's tightened pleading requirements, *see* 15 U.S.C. §78u-4(b)(1) and (2), the overwhelming likelihood is that Defendants will move to dismiss the amended complaint. That motion will trigger the PLSRA's automatic stay of discovery: "[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. §78u-4(b)(3)(B).

There are too many uncertainties ─ *e.g.*, the date on which EDI will release its restated financial statements; the duration of the stay of discovery that will follow Defendants' motion to dismiss the amended complaint; the possibility that the Court will grant the motion to dismiss with leave to amend and that there will be subsequent amended pleadings and motions to dismiss; etc. ─ for the parties to be able to provide dates certain by which they will accomplish

2

the milestones set forth in the Order and its Attachment A. As described more particularly below, the parties suggest, in lieu of calendar dates for deadlines, either deferring them or setting them a fixed number of weeks after the Court denies a motion to dismiss (*see* Attachment A).

The PSLRA's requirement that the Court appoint a lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i)-(iii), who appoints lead counsel, *id*. at §78u-4(a)(3)(B)(v), also impacts the setting of deadlines. Plaintiff meets the requirements to be appointed lead plaintiff – he filed the Complaint and moved for appointment as lead plaintiff – and intends to file an amended complaint should he be appointed, once EDI issues its restated financial statements.

## II. Complete service list

Plaintiff and lead plaintiff movant Nghiem Tran:
Laurence Matthew Rosen
lrosen@rosenlegal.com
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel: 212-686-1060
Fax: 212-202-3827

-and-

Michael Goldberg
michael@goldberglawpc.com
Goldberg Law PC
13650 Marina Pointe Dr. Suite 1404
Marina Del Rey, CA 90292
Tel: 1-800-977-7401
Fax: 1-800-536-0065

Defendants:

David C. Pollack
dpollack@stearnsweaver.com
Andrea N. Nathan
anathan@stearnsweaver.com
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Museum Tower
150 W. Flagler Street
Suite 2200

3

       Miami, FL 33130
       Tel: 305-789-3200
       Fax: 305-789-2651

**III.**    **The case management track**

The parties recommend that the Court assign this case to the Complex Track.

**IV.**    **Information required by Local Rule 16.1(b)(2)**

    (A)    Likelihood of settlement:

At this early stage of litigation, the parties are not able sufficiently to assess the likelihood of settlement.

    (B)    Likelihood of appearance in the action of additional parties:

The Lead Plaintiff may add additional named plaintiffs and may name as additional defendants other officers and directors of EDI or EDI's auditor.

    (C)    Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery:

        (i)    Joinder of other parties and to amend the pleadings:

Plaintiff intends to file an amended complaint after the Court appoints the lead plaintiff, and, with leave of court, after EDI publishes its restated financial statements. It would preserve the parties' and the Court's resources if Defendants were relieved of the obligation to respond to the Complaint and the lead plaintiff had a sufficient opportunity to study EDI's restated financial statements before filing his amended complaint. Accordingly, the parties respectfully request that the Court give lead plaintiff until 30 days after the date that the restated financial statements are released to the public to file his amended complaint and in conjunction therewith to join additional plaintiffs or defendants or both, and relieve Defendants of the obligation to respond to the Complaint.

        (ii)    To file and hear motions:

4

The Parties respectfully request that the Court give Defendants 30 days from the date they are served with the amended complaint to serve their response; give Plaintiff 30 days after being served with Defendants' motion to dismiss to file his opposition; and give Defendants 20 days after being served with the opposition to serve a reply in support of their motion. The parties also respectfully request that the Court defer establishing a schedule to file and hear any other motions until after it denies a motion to dismiss.

      (iii)    To complete discovery:

The parties respectfully request that the Court defer establishing a discovery schedule until after it denies a motion to dismiss.

(D)    Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:

As the case proceeds, the parties will work together on proposals for the formulation and simplification of issues, including the possible elimination of claims and defenses, and the number and timing of motions for summary judgment or partial summary judgment. The parties respectfully suggest that the Court defer establishing a schedule for motions for summary judgment until after deciding Defendants' contemplated motion to dismiss.

(E)    The necessity or desirability of amendments to the pleadings:

Please see response to (C)(i) above.

(F)    The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:

As the case progresses, the parties will explore in good faith agreement on admissions of fact, documents, electronically stored information, or things to avoid unnecessary proof,

stipulations regarding the authenticity of documents, electronically stored information or things, and evaluate the need for advance rulings on admissibility of evidence.

  (G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence:

As the case progresses, the parties will explore methods to avoid unnecessary proof and cumulative evidence.

  (H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:

Other than the elections identified in the Magistrate Judge Jurisdiction Election Form (Attachment C), the parties do not have any suggestions on referring matters to a Magistrate Judge or master. The parties do not agree to a full disposition of the case by the Magistrate Judge.

  (I) A preliminary estimate of the time required for trial:

At this very preliminary point, the parties estimate that trial will take twelve (12) days.

  (J) Requested date or dates for conferences before trial, a final pretrial conference, and trial:

The parties respectfully request that the Court defer establishing trial or pretrial conference dates until after it denies a motion to dismiss.

**V.** **Mediation**

The parties respectfully request that they be permitted to defer selecting a mediator or scheduling the mediation until after the Court denies a motion to dismiss; mediation without discovery may not be fruitful.

6

Dated:  March 22, 2016

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, NY  10016
Tel: 212-686-1060
Fax: 212-202-3827

By:  /s/ Laurence M. Rosen
     Laurence M. Rosen
     Fla. Bar # 0182877
     lrosen@rosenlegal.com

*Attorneys for Plaintiff*

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 W. Flagler Street, Suite 2200
Miami, FL 33130
Tel: 305-789-3200
Fax: 305-789-2651

By:  /s/ David C. Pollack
     David C. Pollack
     Fla. Bar # 362972
     dpollack@stearnsweaver.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2016, I filed the foregoing document through the Court's CM/ECF system, which sent notification of such filing to all counsel of record.

Dated: March 22, 2016                                                             /s/ Laurence M. Rosen