## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-cv-24440-COOKE/TORRES

NGHIEM TRAN, individually and on behalf
of all others similarly situated,

       Plaintiff,

v.

ERBA DIAGNOSTICS, INC., MOHAN
GOPALKRISHNAN, ERNESINA SCALA,
SANJIV SURI, and PRAKASH PATEL,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL

This matter is before the Court on Plaintiff Nghiem Tran ("Plaintiff")'s Renewed Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Plaintiff's Motion"). [D.E. 20].[1]  Having carefully considered Plaintiff's unopposed Motion, Plaintiff's additional submissions, and the record in this case, and being otherwise fully advised in premises, the Court hereby orders that Plaintiff's Motion be **GRANTED** as follows:

---

[1]  This matter was referred to the undersigned Magistrate Judge by the Honorable Marcia G. Cooke. [D.E. 30].  Plaintiff previously moved for appointment as lead plaintiff in a class-action lawsuit filed against ERBA Diagnostics, Inc. by a separate plaintiff in this District, which has since been dismissed.

1.      This is an action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(a)(3)(A)(i).  On December 1, 2015, a notice was issued to potential class members of the action, informing potential class members of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of the notice. [*See* D.E. 20-4 at pp. 2 – 3].  Plaintiff filed a Complaint in this action on December 2, 2015 [D.E. 1], and filed his underlying Motion on March 21, 2016 [D.E. 20], requesting that this Court appoint Plaintiff as lead plaintiff in this action and approve his selection of The Rosen Law Firm, P.A. and Goldberg Law PC as co-lead counsel.  The PSLRA provides, *inter alia*, that the most adequate plaintiff to serve as lead plaintiff is the person who has (1) filed a complaint or filed a motion in response to a notice, (2) has the largest financial interest in the relief sought by the class, and (3) satisfies the requirements of Fed. R. Civ. P. 23.   *See* 15 U.S.C. §§ 78u–4(a)(3)(B)(iii)(I)(aa)-(cc).   The PSLRA likewise requires that the Court shall appoint the most adequate plaintiff as lead plaintiff as soon as practicable after a decision on consolidation has been rendered.  *See* 15 U.S.C. § 78u–4(a)(3)(B).

2.      The Court hereby finds that Plaintiff has the largest financial interest in this action, and has made a *prima facie* showing that Plaintiff satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.   *See See* 15 U.S.C. §§ 78u–4(a)(3)(B)(iii)(I)(aa)-(cc).  It is therefore **ORDERED AND ADJUDGED** that:

a.      Plaintiff Nghiem Tran is hereby appointed as lead plaintiff.  Plaintiff Nghiem Tran has satisfied the requirements for lead plaintiff pursuant to section

21D(a)(3)(B)(iii) of the PSLRA.

b.      As lead plaintiff, Nghiem Tran has selected, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, and retained The Rosen Law Firm P.A. and Goldberg Law PC as Co-Lead Counsel in the action.

c.      Plaintiff's Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom they shall designate in this action:

1.      To coordinate the briefing and argument of motions;

2.      To coordinate the conduct of discovery proceedings;

3.      To coordinate the examination of witnesses in depositions;

4.      To coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

5.      To call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

6.      To coordinate all settlement negotiations and counsel for defendants;

7.      To coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

8.      To supervise any other matters concerning the prosecution, resolution, or settlement of the Action.

d.      No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

e.      Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices, and Co-Lead Counsel shall be the contact between plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of April, 2016.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge